[No. 5686.]

## LA FITTE v. SALISBURY ET AL.

1. **Judgments — Revival — Vacating — Fraud—Want of Notice—Complaint—Sufficiency.**

In an action to have a revival of a judgment set aside, plaintiff alleged that the judgment revived against her was revived by defendant as an assignee on a forged assignment, and that plaintiff did not learn of the revival of the judgment, and that no assignment of the original judgment had been made until long after the revival. Held, that the complaint was insufficient to show that no process was issued and served upon her in the revival proceedings; and, as plaintiff must have known whether or not she was served with process, the averment in her complaint on that subject should have been positive and unequivocal. —P. 252.

2. **Judgments—Revival by Assignee—Issues.**

In an action to revive a judgment by one pretending to be an assignee of the original judgment, one of the issues involved is whether plaintiff is the assignee of the original judgment holder.—P. 252.

3. **Judgments—Effect of Revival.**

The effect of a judgment reviving a former judgment does not differ from other judgments as an adjudication of all questions necessarily involved, and in such proceedings the judgment debtor must interpose such defenses as he may have, or they will be forever barred by the judgment of revivor.—P. 253.

4. **Judgments—Setting Aside for Fraud—Complaint—Sufficiency.**

A complaint, in an action to set aside a revival of a former judgment in the name of a pretended assignee of the original judgment creditor, alleged that the assignment was a forgery, but did not show that the judgment debtor was prevented from presenting such claim to the court in the revival proceedings. Held, that it was insufficient to state a cause of action on that ground, since cases where relief from a judgment can be granted

on the ground of fraud are those where, by fraud or deception, practiced by the prevailing party, the unsuccessful party has been prevented from fully exhibiting his case without fault on his own part.—P. 253.

5. Execution—Sales—Credit — Actions for Relief — Complaint— Sufficiency.

Plaintiff, alleging that a certain note belonging to her had been sold under an execution on a judgment against her, and that no credit was ever given on the judgment on account of the sale, and that, subsequently, real estate belonging to her was sold under the same judgment, asked that she have a decree allowing credit for value of the note; but there was no allegation that the sheriff's return did not exhibit the amount realized on the sale of the note, nor did it appear from the complaint that the amount realized from the two sales exceeded the judgment and costs, or that the judgment creditor was making any claim against her on account of the judgment. Held, that the complaint did not state facts entitling her to relief.—P. 253.

6. Judicial Sales—Grounds for Vacating—Inadequacy of Price.

Ordinarily, inadequacy of price is not sufficient cause for setting aside a judicial sale, for generally it must appear that there were such irregularities or fraud in connection with the sale as tended to prevent the property levied upon from being sold at a fairly adequate price; and, in the absence of an allegation of irregularities affecting substantial rights, or of fraud, plaintiff is not entitled to have a sale vacated except upon a tender of the amount for which the sale was made, for he who asks equity must do equity.—P. 254.

7. Judgment—Assignment—Release by Assignor—Effect.

Where a judgment debtor has notice of an assignment of the judgment, a subsequent attempted release of the judgment by the assignor does not affect the assignee's right in any way, or vest in the judgment debtor any cause of action against the assignee. Hence, where the validity of an assignment of a judgment is not resisted by the judgment debtor in an action by the assignee to revive the judgment, a subsequent release by the original judgment holder cannot avail the judgment debtor.—P. 254.

*Error to the District Court of Larimer County.*
*Hon. Christian A. Bennett, Judge.*

Action by Marie La Fitte against George Salisbury, Henry Rups and Susan Salisbury, to have a

judgment of revival declared void, etc. From a judgment for defendants, plaintiff brings error.

*Affirmed.*

Mr. Chas. M. Bice, for plaintiff in error.

Mr. Geo. Salisbury, for defendants in error.

Plaintiff in error filed a complaint in the court below, in which she designated the defendants in error as defendants. In her complaint she alleged, in substance, that in December, 1881, in the district court of Pueblo county, the defendant Rups obtained a judgment against her in the sum of $2,076.30 and costs; that in 1894 the defendant, George Salisbury, commenced a proceeding in the district court of Pueblo county as the assignee of the Rups judgment, whereby it was revived in his name, in the sum of $3,130.00 and costs amounting to $65.00. She then alleges that Salisbury, contriving to cheat and defraud her, falsely represented to the court that he was the assignee of the judgment, when, in fact, it had never been assigned to him by Rups, and he was never authorized to revive it, but that Rups always owned the judgment; and alleges that the written assignment thereof upon which Salisbury predicated his rights as assignee was a forgery. Her complaint was filed November 25th, 1904, and she avers that she did not learn of the revival of the judgment, and that no assignment of the original had, in fact, been made to Salisbury until October 9th, 1903. She further avers that on August 13th, 1903, Salisbury caused an execution to issue on the revived judgment, by virtue of which he caused a note belonging to her, of the value of $1,070.00 to be sold to his wife, Susan, for the sum of $570.00, but no credit was ever given upon the judgment on account of this sale. She further alleges that on August 13th, 1903, Salisbury caused an execution to be issued and delivered to the

sheriff of Larimer county, under and by virtue of which levy was made upon real estate belonging to her, which was thereafter sold under the execution to his wife for the sum of $5,500.00, and that under the certificate of purchase thus made, and after the time for redemption from such sale had expired, a sheriff's deed was executed and delivered to Mrs. Salisbury. She alleges that the real estate so sold by the sheriff at the time of the levy thereon and sale thereof was worth the sum of $20,000, and that the price at which it was sold was so grossly inadequate and insufficient, as compared with its real value, as to render the sale void. She also alleges that on the 5th day of January, 1904, Rups filed a satisfaction of the judgment in the office of the clerk of the district court of Pueblo county. She prayed judgment to the effect that the judgment of revival be adjudged void; that the court adjudge that no assignment of the original judgment was ever made by Rups to Salisbury, and that the issuance of the executions and levies upon her property and sale thereof thereunder be declared void; that in the event the judgment should be held valid, that she have judgment giving her credit for the sum of $1,070.00, the value of the note sold, and that the sale of the real estate be set aside because the price at which it was sold was so grossly inadequate, as compared with its value, as to amount to a fraud upon plaintiff's rights, and that she have judgment for the possession of the real estate, etc.

To this complaint the defendants answered. When the case was called for trial, the defendant Salisbury was placed upon the stand as a witness by plaintiff for cross-examination. Thereupon the defendants interposed an objection to the introduction of any testimony upon the ground that the complaint did not state a cause of action, which objection was

sustained, and judgment rendered that the plaintiff recover nothing by her action, and that it be dismissed at her costs. She brings the case here for review on error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

It will be noticed from the foregoing synopsis of the complaint that plaintiff does not allege that she was not duly notified of the proceedings installed by Salisbury in the district court of Pueblo county, which finally culminated in a judgment reviving the Rups judgment in his name as the assignee of Rups. True, she avers that she did not learn of the revival of the judgment, and that no assignment of the original had been made to Salisbury until in October, 1903, but that is not equivalent to stating that no process was issued and served upon her in the proceeding instituted by Salisbury. She evades this fact, whatever it may be. Necessarily, she knows whether or not she was served with process in that proceeding; consequently, the averments in her complaint on this subject must be positive and unequivocal, and not evasive. She seeks, however, to avoid the judgment upon the ground that in truth and in fact, Salisbury was not such assignee at the time he instituted proceedings and obtained a revival of the judgment against her in his name. The complaint is insufficient to state a cause of action in so far as it attempts to attack the revival of the judgment upon this ground. One of the issues involved in the proceeding instituted by Salisbury was whether or not he was the assignee of the Rups judgment.—*Hughes v. Brewer*, 7 Colo. 583. That was determined by the court in his favor. The effect of a judgment reviving a judgment as an adjudication of all questions necessarily involved does not differ from that of

other judgments. In such proceedings the judgment debtor must interpose such defenses as he may have, or they will be forever barred by the judgment of revivor.—Freeman on Judgments, § 448. There is no averment in the complaint from which it is made to appear that plaintiff was prevented from presenting to the district court of Pueblo county the claim which she now asserts, that Salisbury was not, in fact, the assignee of the Rups judgment. The frauds which will vitiate a judgment between the same parties rendered by a court of competent jurisdiction are those which are extrinsic or collateral to the matters tried. That is to say, the cases where relief from a judgment can be granted upon the ground of fraud are those where, by fraud or deception practiced by the prevailing party the unsuccessful party has been prevented from fully exhibiting his case, without fault on his part.—*Venner v. Denver Union Water Co.,* 40 Colo. 212; *Boldenweck v. Bullis,* 40 Colo. 253; *United States v. Throckmorton,* 98 U. S. 61.

Such is the law as long since firmly established, in order that repeated litigation between the same parties in regard to the same subject of controversy may be prevented.

The averment that no credit was given upon the judgment for the amount realized from the sale of the note levied upon, does not state facts which entitle plaintiff to relief, although she prays that, in the event the judgment is held valid, she have a decree allowing her credit for the value of the note. She would only be entitled to credit for such net sum as was realized from the sale, and this would appear from the return of the sheriff. There is no statement to the effect that the sheriff's return does not exhibit the amount realized on this sale. In this connection we note that it does not appear from the averments of her complaint that the amounts real-

ized from the two execution sales made at the instance of Salisbury were in excess of the judgment and costs. It is also proper to notice that she does not state in her complaint that Salisbury is making any claim against her on account of his judgment, which has been satisfied to the extent of the net sums realized on his execution sales of her property.

Ordinarily, inadequacy of price paid is not sufficient cause for setting aside a judicial sale.—*Conway v. John,* 14 Colo. 30. Generally, in addition, it must appear that there were such irregularities in connection with the sale, or such fraud practiced, as tended to prevent the property levied upon from being sold at a fairly adequate price.—17 Cyc. 1276. Nothing of this character appears in plaintiff's complaint. She relies entirely upon the alleged inadequacy of the price for which her real estate was sold, and in the absence of a charge of irregularities affecting her substantial rights, or of fraud, she is not entitled to have the sale vacated, except upon a tender of the amount for which the sale was made.—17 Cyc. 1283. "He who asks equity must do equity."

The attempted release of the judgment by Rups does not avail the plaintiff. It is true she alleges in her complaint that no assignment of the judgment was ever made by him to the defendant Salisbury, but the facts upon which she relies in support of this contention will not permit her to raise that question. The judgment of the district court when the original judgment was revived settled that issue as between the plaintiff and defendant Salisbury in the absence of such averments of fraud as would permit her to now litigate it. She had notice of the assignment by Rups to Salisbury, and hence, the attempt of Rups to release it in favor of the plaintiff does not affect Salisbury's rights in any way, or vest in her any cause of action against him.—23 Cyc. 1425.

Counsel for plaintiff has not called our attention to any propositions based upon the averments of the complaint which would entitle her to any relief whatever, and the judgment of the district court must, therefore, be affirmed, and it is so ordered.

*Judgment affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.