Hurlbut, J.
*15 On September 25th, 1905, plaintiff (appellee) filed her complaint in the district court of .Larimer county, therein alleging herself to be the owner in fee of certain lots in Fort Collins, Colorado; that on or about June 1st, 1905, defendant wrongfully took possession thereof, and until the time of bringing the action wrongfully withheld possession of the same from plaintiff, to her damage, closing with a prayer for judgment for possession of the lots, as well as for damages for their wrongful detention.
Defendant filed her answer and cross-complaint, therein denying all the allegations of the complaint, and alleging fee simple title to the premises in herself, which title she claims to have acquired by and through a sheriff’s sale of the lots, under an execution issued August 28th, 1903, out of the district court of Pueblo county, upon a judgment rendered in said court on January 8th, 1894, in favor of George Salisbury, and against plaintiff, for $3,130.00.
The answer and cross-complaint pleads a number of other defenses, such as estoppel, res judicata, and fraud, closing with a prayer for legal and equitable relief.
The case was tried to the court, a jury being waived. The court found all the issues in favor of plaintiff and gave judgment accordingly.
In the complaint originally filed John Brown was impleaded with Susan Salisbury as defendant, but, after hearing the evidence, the court, on motion, dismissed the action as to him.
A more ready understanding of the case may be obtained by stating a few important facts bearing on the issues, which the record shows to be undisputed, viz.:
*16 (a) The judgment of the district court of Pueblo county against plaintiff La Fitte was rendered January 8th, 1894, and no'transcript thereof was ever filed in the office of the clerk and recorder of Larimer county; upon this judgment execution was issued on August 28th, 1903, directed to the sheriff of Larimer county, who, on September 3rd, 1903, levied the same upon all the interest of plaintiff in and to the lots in issue; the lots were sold at public auction by the sheriff on November 12th, 1903; certificate of sale was duly issued and recorded by the sheriff, and sheriff’s deed, on August 15th, 1904, was duly delivered to the defendant Susan Salisbury, who had previously bought the sheriff’s certificate of purchase. The sheriff’s deed was duly recorded on August 16th, 1904, in the records of Larimer county.
,(b) Plaintiff first acquired the legal title to the lots on February 4th, 1905, by deed from John G-. Lindenmeier. The deed was acknowledged on that date, and recorded in the office of the clerk and recorder of Larimer county on September 19th, 1905;
(c) On August 20th, 1900, Julia S. Taylor was the legal owner of record of the lots, and on that date she executed and delivered to T. C. Brolliar and Clara Brolliar a written contract in the nature of an option to purchase said lots; on July 8th, 1903 the Brolliars assigned in writing all their interest in said contract to plaintiff;
(d) On August 27th, 1903, plaintiff assigned in writing all her interest in the contract of August 20th, 1900, previously transferred to her by the Brolliars, to John G. Lindenmeier. Neither the contract of August 20th, 1900, nor assignment thereof *17 to plaintiff, nor the transfer by plaintiff of her interest therein to Lindenmeier, were placed on record until April 6th, 1906.
It will he seen from the above statement that the only title plaintiff La Fitte had in the lots prior to August 27th, 1903, was a mere equitable right, right, title and interest, in and to this contract of August 20th, 1900, to make certain payments and do certain things required, which would entitle her to demand a. deed to the lots from Julia Taylor, the record owner.
The written evidence of this equitable interest of plaintiff, acquired by assignment to her of the contract of August 20th, 1900, was never recorded, as above shown, until long after the issue of said execution and sale thereunder, and not until long after the sheriff’s deed had been executed, delivered and recorded. It will be further noticed that on August 27th, 1903, one day before the execution toas issued, on the Pueblo county judgment, plaintiff La Fitte transferred and assigned in writing all her right, title and interest, in and to this contract of August 20th, 1900, to Lindenmeier, who afterwards, on June 27th, 1904, acquired the full legal title to the lots, by deed of that date, from Julia Taylor, the legal owner thereof; therefore it follows that during all the time, from the day the execution was issued to the day the sheriff’s deed was recorded, plaintiff had no title whatever, either legal or equitable, in and to the lots sold; hence the entire proceedings under said execution were fruitless and in no- way conveyed or transferred to defendant Susan Salisbury any title in or to the lots in question.
*18 Appellant’s counsel, in his brief, calls our attention to § 446, Mills’ Annotated Statutes, and insists that by virtue thereof no interest in the contract of August 20th, 1900, passed to Lindenmeier under the assignment made to him by plaintiff on August 27th, 1903.
This section appears in the Revised Statutes of 1868, and from that time to the present has been retained as a well known part of our recording statute, and we find that its provisions relating to form, force and effect, of instruments for the conveyance of real estate, were largely transcribed and adopted from the statutes of Illinois.
One of the objects of this statute seems to have been to protect subsequent bona fide purchasers and incumbrancers without notice, from outstanding unrecorded deeds, given by failing record owners of real estate to third persons, under secret agreements that such deeds' should not be recorded, and that title would be held in trust by such third persons for the use and benefit of the grantor; thus placing such bona fide subsequent purchasers and incumbrancers in the position of being confronted with one of these unrecorded instruments after a long and expensive proceeding by them against their debtor, upon faith of the record showing, only to find their efforts unavailing, as against such unrecorded instrument; therefore, in order to carry out such purpose, the statute was so framed as to lodge in such subsequent incumbrancers' and purchasers the unquestionable right to rely with absolute security upon what the record shows concerning title to the debtor’s real estate.
*19 We do not think the statute applies to a case of this kind. To hold that a person having a mere unrecorded option from the record owner, to purchase real estate, under which it is doubtful if any title will ever pass to such person, as coming within the provisions of this section, would, we think, be against the letter and spirit of the statute.
The case of McMurtrie v. Riddel, 9 Colo. Rep. 501, cited by appellant’s counsel, does not, in our judgment, support his contention, that the statute applies to the situation here. It is doubtful if that decision even tends to settle any legal question involved in this case, but if it does it goes no further than to hold that the record owner of real estate is by force of the statute the owner thereof as to subsequent bona fide purchasers without notice, although an outstanding unrecorded conveyance of the property to a third person may have been executed and delivered by him long prior to the time when the rights of such subsequent purchaser accrued.
The remaining question to be considered is that arising out of the plea set forth in the third defense of the answer. It is therein stated that all the issues presented in this suit were formerly tried and disposed of in the district court of Larimer county in a suit entitled Marie La Fitte v. George Salisbury, Henry Rups and Susan Salisbury, which suit terminated in a judgment upon the merits, in favor of defendants.
Defendants now contend that the judgment last mentioned was and is a complete bar to this suit. It may be stated that if such judgment was final and upon the merits, and was founded upon the same cause of action as the present suit, and was between *20 the same parties and involved the same subject matter as now under consideration, it would have been a good plea in bar to the present suit. The judgment of which we are speaking was afterwards reviewed and affirmed by our supreme court on writ of error. La Fitte v. Salisbury, 43 Colo. 248.
We have examined the transcript of record in that case, as well as the abstract and briefs which "are on file in that court, and we find that the suit was commenced in said district court on November 25th, 1904, by said Marie La Fitte against the three defendants above mentioned, and its cardinal object was to secure a decree of that court declaring void a judgment of revival of the district court of Pueblo county, as well as the levy, sheriff’s sale and deed founded thereon. The complaint alleged that plaim tiff recovered said judgment of revival by fraudulently and falsely representing that he was the assignee of the judgment creditor of the judgment sought to be revived; that in truth he was not the assignee thereof, and that the purported assignment of the judgment was forgery; that said judgment creditor never assigned or authorized any one to assign the same to plaintiff, and that all proceedings terminating in the judgment of revival was a fraud upon the court; that she first discovered and had knowledge of the said judgment of revival on October 9, 1903, and that the property sold at said sheriff’s sale, including the lots in question, was struck off at a grossly inadequate price. It seems clear that the gravamen of the action was fraud and the object sought to be accomplished thereby was as above stated. Said opinion of the supreme court, as we read it, directed its entire attention to the judgment *21 of revival and proceedings prior and subsequent thereto as detailed by the complaint. The judgment which the supreme court was reviewing resulted from the following proceedings: When the case was called for trial in the court below a witness was sworn for plaintiff, whereupon defendants objected to the giving of any testimony on behalf of plaintiff, for the reason that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the objection and rendered the following judgment; viz.: “It is therefore ordered, adjudged and decreed, that the plaintiff recover nothing by this action and that the same is dismissed at plaintiff’s costs.”
We are not convinced that the title to the lots involved in this suit was considered or adjudicated in that suit. One of the recognized tests as to whether or not the issues involved in two separate actions are practically identical is that the same evidence sustains the issues in each case. If that case had been tried to the court or jury all evidence concerning the said judgment of revival and alleged fraud in its procurement, as well as subsequent sale and proceedings based thereon, would in no sense tend to establish title to the property now in issue, and would be clearly inadmissible for that purpose. But counsel say that all other matters which might have been litigated by the parties under the pleadings in that case are conclusive as between tbe parties. This is true, and is the law in this state. Let us apply the law to the facts. Plaintiff, in her complaint in that suit, alleged that at the time she commenced the suit, and at the time of the levy and sale, she was the owner in fee of the property described *22 therein, which included the lots now in issue, and at the time the suit was brought she was in possession of these lots. Defendants, in their answer, admitted that she was in possession of the lots, but denied that she had any-title to the premises. Under this issue— at the time of the levy or at the time suit was commenced — were not defendants bound by this denial, and would they not have been precluded from giving any evidence tending to show that plaintiff had title to these lots at the time of the levy and sale or at the time suit was commenced? If anything was adjudicated on that point, was it not an adjudication that plaintiff had no title to these lots at the times above stated, but was only in possession of the premises? Then how can defendants in that suit (appellants here) now contend that the title to these lots was adjudicated in that suit to be in plaintiff (appellee here) at the time of the levy and sale?
In explanation of plaintiff’s allegation in that suit that she was the owner in fee of these lots at the time of the levy and sale, and her allegation in the complaint in the present suit that she was not the owner at that time, the record shows that other property besides these lots was described in that complaint. In the complaint in this suit plaintiff alleges that her statement in the complaint of the former suit was meant to apply only to the other property; that she called the attention of her attorney to the error at the time she verified that complaint, and requested him to change the complaint in that respect, but he declined to do so because of the labor and expense which would be entailed in making out a new complaint, assuring her that she would not be prejudiced by leaving the complaint as *23 drawn. Her statements were denied and the matter was a sharp issue in the trial below. She gave direct testimony, supported by another witness, to sustain her allegations, while the attorney who drew the complaint gave testimony controverting the same. The trial court seems to have sustained the plaintiff on this point.
“To make a matter res judicata there must be a concurrence (1) of identity of the subject matter; (2) of the cause of action; (3) of person and parties, and (4) in the quality of the persons for or against whom the claim is made. According to another case the requisites are (l) that the judgment proceed from the court having jurisdiction; (2)' that it be between the same parties, and (3) that it be for the same purpose. * * * But the cases cited seem to demand the existence of the following identities between two suits to constitute the first decided a bar to the further prosecution of the second, to-wit: (1) identity of the subject matter; (2) identity of the cause of action, and (3) identity of purpose or object.” § 252, Freeman on Judgments, 4th ed.
We are satisfied that in La Fitte v. Salisbury, supra, the judgment there reviewed was a final judgment upon the merits. Smith v. Cowell, 41 Colo. 178. And that it was binding upon the parties and those in privity with them, and that the judgment of revival of the district court of Pueblo county was a valid judgment and that the execution proceedings, including sale and sheriff’s deed founded thereon, were also valid and binding, and at all future times would be a complete bar to any subsequent action between the- same parties or their privies seeking to call in question such judgment and proceedings, and *24 further thát if the plaintiff there (appellee here) had any title, legal or equitable, subject to that execution at the time of its levy, such title passed to and became confirmed in defendant Susan Salisbury by virtue of the sheriff’s deed based upon such levy and sale, such matters being res judicata in this suit. But as to the question as to whether or not said plaintiff had any title to the lots here considered, at the time of the levy, that question is not res judicata, for the reasons above stated.
Decided January 8, A. D. 1912.
Rehearing denied March 11, A. D. 1912.
It appears from the record that the issue of fraud was earnestly pressed upon the attention of the trial judge, who had the advantage of seeing the witnesses on the stand, observing their deportment, and weighing their statements in comparison with the other testimony adduced, and, having found all the issues in favor of plaintiff, we are satisfied substantial justice has been done.
Discovering no error in the rulings of the court below, the judgment is affirmed.

Judgment Affirmed.