[No. 3844.]

## LaFitte v. Salisbury.

1. Judgments—*Collateral Attack.* Bill to quiet title, the plaintiff claiming under a sale upon execution issued upon a judgment against the defendant in the equitable action. Jurisdiction of the subject matter, and of the person of the defendant, in the court rendering such judgment, being admitted, the judgment can not be questioned.

2. —— *How Far Conclusive.* A bill to vacate a judgment and an execution sale of lands thereunder, for fraud in procuring the judgment is dismissed for want of equity. The decree is conlusive upon the plaintiff therein, as to all matters alleged in the bill, when the defendant brings an action to quiet the title derived under the execution sale. But other grounds of objection to the sale, though existing at the filing of such bill may be presented.

3. Execution Sale—*Vacating—Inadequacy—Chilling the Sale.* Mere inadequacy in the price bid by the creditor at an execution sale is no ground to vacate the sale. Otherwise where fraud, or irregularity in the conduct of the sale prevents the obtaining of a fair price.

4. Appeals—*Presumptions*. The court of review is not at liberty to assume that the exclusion of material and competent evidence was not injurious to the defeated party.

5. Cases Distinguished. *Fallon v. Worthington*, 13 Colo., 559, distinguished.

*Error to Larimer District Court.* Hon. John I. Mullins, Judge.

Mr. Chas. M. Bice, for Plaintiff in Error.

Mr. George Salisbury, for Defendant in Error. Judgment reversed.

Walling, J.

The principal action was brought in the district court by defendant in error, as plaintiff, against John A. Cross and the plaintiff in error, as defendants. The complaint contained the following allegations of facts: On January 8th, 1894, George Salisbury recovered a judgment against the defendant LaFitte, in the district court of Pueblo county, for $3,130 and costs of suit, and on August 28th, 1903, execution issued on that judgment to defendant Cross, then sheriff of Larimer county. Cross, as sheriff, levied the writ upon the real estate described in the complaint, as the property of the defendant LaFitte, and, after due advertisement, sold the property at execution sale to said George Salisbury, who afterwards assigned the certificates of purchase to the plaintiff Susan R. Salisbury; and, after the statutory time for redeeming the property from the sale had elapsed, Cross, as sheriff, executed to said Susan what purported to be sheriff's deeds for the property sold, which were set out in full in the complaint. It was alleged that certain clerical errors occurring in the draft of these sheriff's deeds ought to

be corrected and the deeds reformed in certain particulars mentioned, so as to furnish perfect evidence of title in the plaintiff thereunder. It was also alleged that plaintiff was in possession of the premises sold at the execution sale described in the sheriff's deeds, and claimed title in fee to the premises by virtue of those deeds; that the defendant LaFitte claimed an interest therein adverse to the plaintiff, which claim of said defendant was without any right whatever, and that the latter had no estate, right, title or interest in any of the land described in the sheriff's deeds. The complaint prayed that the sheriff's deeds be reformed, that the defendant Cross, who was the sheriff of Larimer county when the deeds were executed, be required to execute corrected deeds to the plaintiff; and that any and every adverse claim of the defendant La Fitte to the property should be determined in the action, and the title of the plaintiff be quieted as against all such adverse claims. The defendant Cross made default.

The answer of the defendant LaFitte denied the allegations of the complaint, except as expressly admitted. The answer admitted that a judgment was rendered against her on January 8th, 1894, for $3,130 and costs, and alleged that it was an attempt to revive a former judgment in favor of Henry Rups against the answering defendant. That allegation was followed by averments evidently intended to show fraud in procuring the Salisbury judgment, which were repeated in the "counter-claim" hereafter noticed. It was further alleged that the judgment was taken against her in the revival proceedings by default, because she was destitute of means to engage counsel to defend her, and that the pro-

ceedings were "void on their face, in that the summons therein purported to seek a recovery by Salisbury against this defendant, while the petition purported to seek a revival of the judgment." The first defense of the answer contained some other statements, which are utterly immaterial, and require no attention.

For a further and separate answer and counterclaim, the defendant LaFitte alleged that on the 8th day of January, 1894, George Salisbury commenced a proceeding to revive a judgment of Henry Rups against her, in the district court of Pueblo county, as pretended assignee thereof, "and obtained judgment therein in his own name for $3,130 and costs against this defendant"; that Salisbury fraudulently pretended to the court that he was the assignee of the original judgment, and entitled to revive the same in his own name, but that in fact the Rups judgment was never assigned to Salisbury, and he had no authority to revive that judgment, either in his own name or in the name of Rups; and that the pretended assignment of the original judgment from Rups to Salisbury was a forgery. It was further stated that the defendant did not learn that Rups had never assigned his judgment to Salisbury, until the 9th day of September, 1903.

The further answer and counter-claim also set forth, in substance, that the real estate of the defendant described in the complaint was bid in at the execution sale thereof mentioned in the complaint, by George Salisbury, who caused the certificates of purchase to be made in the name of the plaintiff below, his wife, without consideration; that at the time of such sheriff's sale, the property was

worth $20,000; and that Salisbury's attorney, who represented him at the sale, interfered with the bidders thereat, by making statements reflecting on the defendant's title, which were unfounded in fact, thereby inducing those who had offered more than was bid by Salisbury to withdraw from the bidding, and warned persons from bidding at the sale; and that, as the result of his language and conduct, Salisbury was enabled to bid in the entire property for the inadequate sum of $5,500. The answer prayed that the complaint be dismissed, and that the levy upon and sale of defendant's property be set aside, etc.

The cause was tried before the court, who gave judgment for the plaintiff, wherein it was decreed: (1) That plaintiff was the owner in fee simple of the premises described in the complaint, and her title thereto was forever quieted against all claims, demands or pretensions of the defendant Marie La Fitte; (2) that the defendant Cross execute to the plaintiff a good and sufficient sheriff's deed to the premises, in accordance with the certificates of purchase for the same, or, if he failed to do so, the acting sheriff of Larimer county should execute and deliver such deed; (3) that the plaintiff recover her costs of the defendant Marie LaFitte.

At the trial the plaintiff introduced a large amount of documentary evidence, which it is not deemed necessary to review for the purposes of this decision. At the conclusion of plaintiff's case, defendant called George Salisbury to the witness stand, for cross-examination as an interested party. Thereupon plaintiff objected to the introduction of evi-

dence by defendant, on the ground of the insufficiency of the answer to state a defense. This objection was sustained by the court; and error is assigned here upon the exception to that ruling. The purposes of the proposed examination of the witness Salisbury cannot be determined from the record. But he was at least an adversary witness, if not in positive interest, and the objection was broadly to the introduction of evidence under the answer. As stated in the brief for defendant in error, it was in the nature of a demurrer *ore tenus*.

So far as the answer undertook to raise any issue with respect to the regularity of the judgment and proceedings of the district court of Pueblo county, or the execution under which the sale was made, it was plainly insufficient as a defense, and to that extent the ruling of the trial court was right. The judgment was not subject to impeachment in the present case, unless it appeared from the record of the judgment that it was wholly void; in which case, anything done or attempted under it or by its authority, by way of execution, or otherwise, would have been likewise null. The first defense of the answer under consideration admitted the judgment alleged in the complaint, and that admission was repeated by direct averment in the second answer or counterclaim. It cannot be successfully claimed that those positive admissions were nullified or withdrawn by other averments, because there was no allegation tending to show want of jurisdiction to render the judgment. The statement concerning the form of the summons in the proceeding for the revival of the Rups judgment was without meaning, and friv-

olous. It may not be out of place to remark, paren-
thetically, that certified copies of the proceedings
and judgment of the district court of Pueblo county
had been introduced by the plaintiff, in chief, from
which it appeared that the plaintiff in error was per-
sonally served with summons, and also entered ap-
pearance, by filing an answer, and otherwise, and
that default was ultimately entered against her be-
cause of the failure to file an amended answer within
the time fixed by the court. These facts are inter-
esting, although not controlling in the disposition
of this writ of error.

Returning to the allegations of the answer in
the case under review, respecting the judgment un-
der which the execution sale was made, they amount
at most to an attempt to allege, in a collateral action,
supposed equitable grounds for attacking that judg-
ment; and this was not permissible, whether or not
the facts alleged would have supported an action,
between proper parties, to annul the judgment and
proceedings thereunder, for fraud in procuring the
judgment. But those very allegations of supposed
fraud in procuring Salisbury's judgment, and of the
payment to Rups, and satisfaction by him of the
original judgment, which had been revived by Salis-
bury, were before the supreme court for considera-
tion in *LaFitte v. Salisbury,* 43 Colo. 248, and there
held to be unavailable as the basis for assailing the
execution sale here in question. The judgment under
review in the last mentioned case was rendered in
an action brought by the present plaintiff in error
against George Salisbury, Henry Rups and Susan
Salisbury, for the purpose of annulling the identical

judgment and sale now under consideration. The complaint of the plaintiff in error in that case contained substantially the same allegations, which are found in her answer here, except as will be herein noticed; and the supreme court held, affirming the judgment of the district court, that the allegations of the complaint were wholly insufficient to constitute a cause of action. Manifestly, that decision must be regarded as conclusive against the plaintiff in error, that the questions therein determined adversely to her could not have, in any manner, been again presented for litigation, in the present action.

However, all of the matters included in the present answer were not determined by the decision in 43rd Colorado, or necessarily concluded by the judgment affirmed thereby. The answer raised issues of fact, not involved or considered in the ruling upon the former complaint of the plaintiff in error. It denied generally the allegations of the complaint, except the judgment in favor of Salisbury, and was not, therefore, subject to a general demurrer. Moreover, it was alleged that the execution creditor, Salisbury, by his representative, fraudulently prevented competition at the sale, and by words and acts induced the withdrawal of bids larger than those offered by him, and by that means succeeded in bidding in the property for a small proportion of its actual value. It is true that inadequacy of the price bid did not alone furnish ground for setting aside the sale in equity; but the rule is equally well settled that where the property has been bid in by the execution creditor for a sum substantially less than its true value, and there are circumstances of fraud or

irregularity in the conduct of the sale, which prevented the property from being sold at a fair price, equity will give relief.  2 Freem. Ex. § 297; 17 Cyc. 1278.  If the allegations of the answer were true, in this instance, the plaintiff, who, according to its averments, occupied the position of a mere volunteer, took the certificates of purchase subject to all of the equitable rights of the defendant as against the plaintiff's assignor.  In the opinion in *LaFitte v. Salisbury, supra,* the court said (43 Colo., page 254):  "Ordinarily, inadequacy of price paid is not sufficient cause for setting aside a judicial sale.  *Conway v. John,* 14 Colo. 30.  Generally, in addition, it must appear that there were such irregularities in connection with the sale, or such fraud practiced, as tended to prevent the property levied upon from being sold at a fairly adequate price.  Nothing of this character appears in plaintiff's complaint."  In that important particular, then, the complaint mentioned in the quotation differed from the answer here, inasmuch as the answer averred the fraud in the conduct of the sale, held to be essential to the sufficiency of the former complaint, in connection with the alleged inadequacy of the purchase price.  Within the rule declared in the excerpt from the opinion of the supreme court above, we are of the opinion that the allegations of the answer were sufficient, as against the general objection made at the trial, to allow the defendant to introduce competent evidence of the alleged fraudulent suppression of competition. at the sale, which prevented a sale of the property at a fairly adequate price, for the purpose of impeaching and setting aside the sale.  This conclusion does not

seem to be successfully combatted by anything in the brief for defendant in error. The case of *Fallon v. Worthington,* 13 Colo. 559, offers no parallel to anything shown by the record before us, since it does not appear that the plaintiff in error derived any direct benefit or advantage from the alleged wrongful sale of her property, or otherwise acquiesced in the sale, so as to estop her from asserting its irregularity. We understand from exhibits in evidence on the part of the plaintiff, that the purchase price was applied as a credit on the Salisbury execution. Of course, if the sale were set aside, upon competent evidence justifying such a decree, the decree must necessarily contain such suitable orders and directions with respect to a resale of the property, as would fully protect the equitable rights of both the plaintiff and defendant. It is quite true that the defendant may not have been able to produce evidence, admissible under either the allegations of fraud practiced at the sale or under the general denial, which would have changed the result of the trial; nevertheless, we find that the court was in error in sustaining the general objection to the introduction of evidence under the answer, for the reasons which have been stated, and that error has been duly assigned upon the exception to such ruling, and the assignment is urged in the brief filed on behalf of the plaintiff in error. The error affected a substantial right of the defendant in the litigation, and we have no right to ignore it or to presume that prejudice did not result therefrom. In fact, the conclusion seems unavoidable that the judgment in the action below was the result of a one-sided trial.

By reason of the error indicated, it is ordered that the judgment is reversed, and the case is remanded for further proceedings consistent with the opinion of this court.

*Reversed.*

Decided July 8, A. D. 1912. Rehearing denied October 14, A. D. 1912.