The Union National Bank of Wichita, Kansas, a Corporation, Appellant, v. Carl C. Lamb, Respondent.—No. 40684.—213 S. W. (2d) 416.

Division One, July 12, 1948.

Rehearing Denied, September 13, 1948.

*Maurice J. O'Sullivan* and *John G. Killiger, Jr.*, for appellant.

66

*Cornelius Roach, Daniel L. Brenner* and *Wilfred Wimmell* for respondent.

[417] BRADLEY, C.—Action to recover on a Colorado revived judgment. A trial without a jury resulted in a finding and judgment for defendant and plaintiff appealed. The appeal lies to the supreme court because the amount in dispute exceeds the sum of $7,500. See Art. V, Sec. 3, Constitution.

December 8, 1927, plaintiff obtained a judgment for $3,493.01 against defendant in the district court of Denver, Colorado. No payment was made on this judgment. October 27, 1945, nearly 18 years after original rendition, the Colorado judgment was revived by getting extraterritorial personal service upon defendant in Jackson County, Missouri. December 13, 1945, plaintiff filed the present cause to recover on the revived judgment.

Defendant makes two defenses, first, that plaintiff's cause is barred by Sec. 1038 R. S. 1939, Mo. RSA, Sec. 1038, and second, that the judgment of revival in Colorado was not upon personal service as required by Sec. 1038. This section provides: "Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied *after the expiration of ten years from the date of the original rendition thereof,* or if the same has been revived upon *personal service* duly had upon the defendant or defendants therein, then *after ten years from and after such revival,* or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of *the original rendition or revival upon personal service,* or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon [418] for any purpose whatever" (italics ours).

The Colorado statute of limitation on a judgment is 20 years, and the lien expires in 6 years. 3 Colo. Ann. Stat. 1935, Ch. 93, Sec. 2. This section, among other things, provides that "from and after

twenty years from the entry of final judgment in any court of this state, the same shall be considered as satisfied in full, unless revived as provided by law." If the present judgment had not been revived it would have been barred in this state in 10 years from the date of its original rendition, notwithstanding the 20 years limitation of the Colorado statute. Sec. 1038, supra; Northwestern Brewers Supply Co. v. Vorhees, 356 Mo. 699, 203 S. W. (2d) 422, and cases therein cited. The question is, Does Sec. 1038 bar the revived judgment because it was not revived within 10 years from the date of its original rendition the limitation fixed for revival by Sec. 1271 R. S. 1939, Mo. RSA Sec. 1271. This section is as follows: "The plaintiff or his legal representative may, at any time within ten years, sue out a scire facias to revive a judgment and lien; but after the expiration of ten years from the rendition of the judgment, no scire facias shall issue."

Plaintiff contends that to bar the present revived judgment would be contrary to the full faith and credit provision of the federal Constitution, Art. IV, Sec. 1, which provides: "Full Faith and Credit shall be given in each State to the public Acts, Records and judical Proceedings of every other State. And the Congress may by general Laws prescribe the manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." But "it has uniformly been held that each of the states of the Union may pass a law limiting the time within which an action may be brought on a judgment rendered in another state, without thereby depriving the judgment of the full faith and credit to which it is entitled under the Constitution of the United States." 11 Am. Jur. Sec. 192, p. 507; 34 C. J., Sec. 1578, p. 1110; Northwestern Brewers Supply Co. v. Vorhees, supra. It is the general rule that the lex fori governs the limitation of actions within its borders, and that the enforcement of a foreign judgment goes to the remedy and not to its merits or validity under the lex loci. "In short, the lex fori determines the time within which a cause of action shall be enforced." 11 Am. Jur. Secs. 191, 192, pp. 505, 507; Northwestern Brewers Supply Co. v. Vorhees, supra.

Now to the question, Does Sec. 1038 bar the revived judgment because it was not revived within 10 years from the date of rendition of the original judgment? We assume, without deciding, for the purposes of this question, that the extraterritorial personal service was valid for revival under Sec. 1038.

Plaintiff cites many cases from this and other jurisdictions, both federal and state. Among these are Crim v. Crim, 162 Mo. 544, 63 S. W. 489, 54 L. R. A. 502; Morris v. Jones, 329 U. S. 545, 67 S. Ct. 451, 91 L. Ed. 488, 168 A. L. R. 656; Milwaukee County v. White Company, 296 U. S. 268, 56 S. Ct. 229, 80 L. Ed. 220; Adams v. Saenger et al., 303 U. S. 59, 58 S. Ct. 454, 82 L. Ed. 649. It is not necessary to refer to all these cases; none is pertinent to the

question of limitation in hand except Union Fire Ins. Co. v. Hansen, 237 Mo. App. 1110, 180 S. W. (2d) 265, by the Springfield Court of Appeals, and Kratz v. Preston, 52 Mo. App. 251, by the Kansas City Court of Appeals. The Hansen case was on a Nebraska judgment rendered December 7, 1932, and revived March 9, 1943, more than 10 years after original rendition. The trial court found for the plaintiff and the defendant appealed; the judgment was affirmed. The court said: "Article IV, section 1, of the United States Constitution, provides that 'Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State.' On March 9, 1943, the Nebraska judgment against defendant was duly revived in Nebraska under the laws of Nebraska, as thus certified. It was then a good judgment in Nebraska. Full faith and credit must be given to the action of the District Court of Nebraska. The trial court, therefore, could do nothing else than enforce the said Nebraska judgment in [419] Missouri." No case was cited; limitation was not considered, and Sec. 1038 was not mentioned.

The Kratz case was an action on a Pennsylvania judgment rendered July 26, 1861, and revived February 11, 1891, nearly 30 years after original rendition. What is now Sec. 1038 was Sec. 6796 R. S. 1889, when the Kratz case was decided, and the limitation on a judgment was then 20 years. There was no revival provision in the section at that time. It was held in the Kratz case that limitation began to run from the date of revival and not from the date of the original judgment. What is now Sec. 1038 was amended in 1895, Laws 1895, p. 221, and in 1899, Laws 1899, p. 300. The section in the statute of 1889, as stated, fixed the limitation of a judgment at "twenty years from the date of rendition." Since 1899, the section has not been changed, and as appears in Sec. 1038, the limitation is fixed at "ten years from the date of the *original* rendition"(italics ours). It was in the Act of 1899 that the term *original* was first inserted. Also, it was in the Act of 1899 that the revival provision was first inserted. In view of the language in Sec. 6796 R. S. 1889, "twenty years from date of rendition", and in view of the then absence of any provision as to limitation on a revived judgment, the Kratz case ruling can be understood because the suit on the revived judgment was filed shortly after its rendition. The date when filed does not appear, but the case was decided January 2, 1893, less than two years after the judgment was revived.

Under Sec. 1038 a domestic or foreign judgment is barred in 10 years from the date of its original rendition unless it is revived or payment made, and under Sec. 1271, a domestic judgment, if revived at all, must be revived within "ten years from the rendition of the judgment." It will be noted that Sec. 1271, the revival section, does not say "from the original rendition", hence a second, third, etc.

revival may be had if within 10 years from the last one. Definitely, it is the law of this state that a foreign judgment, absent revival, or a payment thereon as provided in Sec. 1038, is barred in 10 years from the date of its original rendition regardless of what the limitation period may be under the law of the state where the judgment was rendered. Northwestern Brewers Supply Co. v. Vorhees, supra. And the only reasonable conclusion to draw is that a revived judgment, domestic or foreign, absent a payment as provided in Sec. 1038, is barred under said section unless the revival was within 10 years from the date of original rendition or, if such is the case, within 10 years from the last revival. In other words, a foreign judgment, original or revived, has the same standing in Missouri, no better, no worse, than a domestic judgment. This does not run counter to the full faith and credit provision of the federal Constitution, because, as we have seen, the enforcement of a foreign judgment goes to the *remedy* only and that is a matter for the law of the forum.

Our ruling, supra, disposes of this appeal, hence it is not necessary to rule the second defense that the *service* upon defendant for revival of the Colorado judgment was not *personal service* within the meaning of that term in Sec. 1038.

The judgment should be affirmed and it is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.