# UNION NATIONAL BANK *v.* LAMB.

No. 500.   Argued March 31, 1949.—Decided May 16, 1949.

*Maurice J. O'Sullivan* argued the cause and filed a brief for appellant.

*Daniel L. Brenner* submitted on brief for appellee.

Mr. Justice Douglas delivered the opinion of the Court.

Missouri has a statute which limits the life of a judgment to ten years after its original rendition or ten years after its revival.[1] Missouri also provides that no judgment can be revived after ten years from its rendition.[2] These provisions are applicable to all judgments whether rendered by a Missouri court or by any other court.

Petitioner has a Colorado judgment against respondent. It was obtained in 1927 and revived in Colorado[3] in 1945 on personal service upon respondent in Missouri. Suit was then brought in Missouri on the revived Colorado judgment. The Supreme Court of Missouri, though assuming that the judgment was valid in Colorado, refused to enforce it because the original judgment under Missouri's law could not have been revived in 1945. It held that the *lex fori* governs the limitations of actions and that the Full Faith and Credit Clause of the Constitution, Art. IV, § 1, did not require Missouri to recognize Colorado's more lenient policy as respects revival of judgments. 358 Mo. 65, 213 S. W. 2d 416.

1. Petitioner sought to bring the case here by appeal. But we postponed the question of jurisdiction to the merits. Certiorari, not appeal, is the route by which the question whether or not full faith and credit has been given a foreign judgment is brought here. *Roche* v. *McDonald*, 275 U. S. 449; *Morris* v. *Jones*, 329 U. S. 545.

---

[1] 1 Rev. Stat. Mo. 1939, § 1038.

[2] 1 Rev. Stat. Mo. 1939, § 1271.

[3] 1 Colo. Stat. Ann. 1935, c. 6, Rule 54 (h); 3 *id.*, c. 93, § 2.

Hence we treat the papers as a petition for certiorari, 28 U. S. C. § 2103, and grant it.

2. The opinion of the Supreme Court of Missouri was handed down July 12, 1948, and the motion for rehearing or for transfer to the court *en banc* [4] was denied September 13, 1948. The appeal was allowed by the Missouri court on December 13, 1948. That was within three months and therefore timely prior to the revision of the Judicial Code. But 28 U. S. C. § 2101 (c), effective September 1, 1948, reduced that period to ninety days. The ninetieth day was December 12, 1948, which was a Sunday. There is a contrariety of views whether an act which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on Sunday.[5] Thus *Street* v. *United States,* 133 U. S. 299, treating Sunday as a *dies non* under a statute which authorized the President to transfer army officers from active duty and to fill vacancies in the active list on or before January 1, 1871, allowed the action to be taken on the following day. We think the policy of that decision is applicable to 28 U. S. C. § 2101 (c). Rule 6 (a) of the Rules of Civil Procedure provides that where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely.[6] That

---

[4] See *Gorman* v. *Washington University,* 316 U. S. 98.

[5] Pro: *Street* v. *United States,* 133 U. S. 299; *Sherwood Bros.* v. *District of Columbia,* 72 App. D. C. 155, 113 F. 2d 162; *Wilson* v. *Southern R. Co.,* 147 F. 2d 165. Contra: *Johnson* v. *Meyers,* 54 F. 417; *Meyer* v. *Hot Springs Imp. Co.,* 169 F. 628; *Siegelschiffer* v. *Penn. Mut. Life Ins. Co.,* 248 F. 226; *Larkin Packer Co.* v. *Hinderliter Tool Co.,* 60 F. 2d 491; *Walters* v. *Baltimore & O. R. Co.,* 76 F. 2d 599.

[6] Rule 6 (a) provides: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the

rule provides the method for computation of time prescribed or allowed not only by the rules or by order of court but by "any applicable statute." Since the rule had the concurrence of Congress,[7] and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6 (a) are equally applicable to 28 U. S. C. § 2101 (c). The appeal therefore did not fail for lack of timeliness.

3. *Roche* v. *McDonald* is dispositive of the merits. Roche had a Washington judgment against McDonald. He brought suit on that judgment in Oregon. He obtained a judgment in Oregon at a time when the original judgment had by Washington law expired and could not be revived. Roche then sued in Washington on the Oregon judgment. The Court reversed the Supreme Court of Washington which had held that full faith and credit need not be given the Oregon judgment since it would have been void and of no effect if rendered in Washington. The Court held that once the court of the sister State had jurisdiction over the parties and of the subject matter its judgment was valid and could not be impeached in the State of the forum, even though it could not have been obtained there. That decision was in line with *Fauntleroy* v. *Lum,* 210 U. S. 230 and *Christmas* v. *Russell,* 5 Wall. 290. For in those cases the Court

---

designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday."

[7] See Act of June 19, 1934, 48 Stat. 1064, 28 U. S. C. § 723c, now § 2072; Rule 86, Rules of Civil Procedure; *Sibbach* v. *Wilson & Co.,* 312 U. S. 1.

had held that the State of the forum could not defeat the foreign judgment because it was obtained by a procedure hostile to or inconsistent with that of the forum or because it was based on a cause of action which the forum itself would not have recognized.

Any other result would defeat the aim of the Full Faith and Credit Clause and the statute enacted pursuant to it.[8] It is when a clash of policies between two states emerges that the need of the Clause is the greatest. It and the statute which implements it are indeed designed to resolve such controversies. *Morris* v. *Jones, supra.* There is no room for an exception, as *Roche* v. *McDonald* makes plain, where the clash of policies relates to revived judgments rather than to the nature of the underlying claim as in *Fauntleroy* v. *Lum, supra.* It is the judgment that must be given full faith and credit. In neither case can its integrity be impaired, save for attacks on the jurisdiction of the court that rendered it.

Cases of statute of limitations against a cause of action on a judgment (*M'Elmoyle* v. *Cohen,* 13 Pet. 312) in-

---

[8] Article IV, § 1 of the Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

The Act of Congress enacted pursuant to the Clause (28 U. S. C. § 1738), in part reads as follows:

"The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

"Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

volve different considerations as *Christmas* v. *Russell,*
*supra,* p. 300, long ago pointed out. They do not under-
mine the integrity of the judgment on which suit is
brought. In this case it is the 1945 Colorado judgment
that claims full faith and credit in Missouri. No Mis-
souri statute of limitations is tendered to cut off a cause
of action based on judgments of that vintage.

It is argued, however, that under Colorado law the 1945
Colorado judgment is not a new judgment and that the
revivor did no more than extend the statutory period
in which to enforce the old judgment.[9] It is said that
those were the assumptions on which the Missouri court
proceeded. But we would have to add to and subtract
from its opinion to give it that meaning. For when it
placed revived judgments on the same basis as original
judgments, it did so because of Missouri not Colorado
law.[10]

This is not a situation where Colorado law also makes
that conclusion plain. The Colorado authorities which

---

[9] There is no concession that under Colorado law revival does
not make a new judgment. Petitioner merely argues that the re-
quirements of due process are less exacting in case of a revived, as
distinguished from an original, judgment.

[10] The Missouri court stated, 358 Mo. p. 70; 213 S. W. 2d p. 419:
"Definitely, it is the law of this state that a foreign judgment, absent
revival, or a payment thereon as provided in Sec. 1038, is barred
in 10 years from the date of its original rendition regardless of what
the limitation period may be under the law of the state where the
judgment was rendered. *Northwestern Brewers Supply Co.* v. *Vor-
hees* [356 Mo. 699, 203 S. W. 2d 422]. And the only reasonable con-
clusion to draw is that a revived judgment, domestic or foreign,
absent a payment as provided in Sec. 1038, is barred under said
section unless the revival was within 10 years from the date of orig-
inal rendition or, if such is the case, within 10 years from the last
revival. In other words, a foreign judgment, original or revived, has
the same standing in Missouri, no better, no worse, than a domestic
judgment. This does not run counter to the full faith and credit

have been cited to us indeed seem to hold just the opposite. Thus *La Fitte* v. *Salisbury,* 43 Colo. 248, 95 P. 1065, holds that a revived judgment has the effect of a new one.[11] We are referred to no Colorado authorities to the contrary.

But since the status of the 1945 judgment under Colorado law was not passed upon by the Missouri court, we do not determine the question. For the same reason we do not consider whether the service on which the Colorado judgment was revived satisfied due process. See *Owens* v. *Henry,* 161 U. S. 642. Both of those questions will be open on remand of the cause.

The suggestion that we follow the course taken in *Minnesota* v. *National Tea Co.,* 309 U. S. 551, and vacate the judgment and remand the cause to the Missouri court so that it may first pass on these questions would be appropriate only if it were uncertain whether that court adjudicated a federal question. That course is singularly inappropriate here since it is plain that the Missouri court held that, whatever the effect of revivor under Colorado law, the Colorado judgment was not entitled to full faith.

---

provision of the federal Constitution, because, as we have seen, the enforcement of a foreign judgment goes to the *remedy* only and that is a matter for the law of the forum."

*Northwestern Brewers Supply Co.* v. *Vorhees,* which the court cites, did not involve a revived judgment. It merely held that a Wisconsin judgment sued on in Missouri was subject to Missouri's statute of limitations. The fact that the Missouri court in the present case held that the revived Colorado judgment was governed by that rule throws no light on the status of the revived judgment under Colorado law.

[11] 1 Colo. Stat. Ann. 1935, c. 6, Rule 54 (h) provides in part: "A revived judgment must be entered within 20 years after the entry of the judgment which it revives, and may be enforced and made a lien in the same manner and for like period as an original judgment."

and credit in Missouri. That holding is a ruling on a federal question and it cannot stand if, as assumed, the Colorado judgment had the force and effect of a new one.

*Reversed.*

Mr. Justice Black and Mr. Justice Rutledge dissent.

Mr. Justice Frankfurter, dissenting.

The Court finds that *Roche* v. *McDonald,* 275 U. S. 449, is "dispositive of the merits" of this case. I agree that that case demands the remand of this one; more than that can be found only by misconceiving what this case is about or what *Roche* v. *McDonald* decided.

1. Article IV, § 1 of the Constitution commands the courts of each State to give "Full Faith and Credit . . . to the . . . judicial Proceedings of every other State," and we have interpreted this command so straitly as to mean that the State of the forum cannot go behind the judgment of a sister State to establish such an allegation as that the judgment was procured by fraud, *Christmas* v. *Russell,* 5 Wall. 290, or that the judgment creditor was not the real party in interest, *Titus* v. *Wallick,* 306 U. S. 282. We have even required a State which prohibited the enforcement of gambling contracts to give full faith and credit to another State's judgment upon such a contract when the contract itself was entered in the State which regarded it as illegal. *Fauntleroy* v. *Lum,* 210 U. S. 230. See also *Kenney* v. *Supreme Lodge,* 252 U. S. 411; *Morris* v. *Jones,* 329 U. S. 545.

2. Considerations of policy lying behind the Full Faith and Credit Clause, however, are by no means so forcibly presented where the issue is simply whether the forum must respect the limitation period attached to a foreign judgment or whether it may apply its own. This Court has accordingly held that a State may refuse to enforce

the judgment of another State brought later than its own statute of limitations permits even though the judgment would still have been enforceable in the State which rendered it. *M'Elmoyle* v. *Cohen,* 13 Pet. 312; *Bacon* v. *Howard,* 20 How. 22.

3. Conversely, where the enforcement of a judgment by State A is sought in State B, which has a longer limi-. tation period than State A, State B is plainly free to enter its own judgment upon the basis of State A's original judgment, even though that judgment would no longer be enforceable in State A. If enforcement of State B's new judgment is then sought in State A, State A cannot refuse to enforce it without violating the principle that the State where enforcement of a judgment is sought cannot look behind the judgment. That was the situation in *Roche* v. *McDonald,* 275 U. S. 449, and we there held.

4. The present situation is this: Colorado entered a judgment in 1927 which in 1945 was there revived in accordance with Colorado's procedure. In 1945 the 1927 judgment could not have been enforced in Missouri because barred by that State's statute of limitations. The question whether the 1945 proceedings gave rise to a judgment enforceable in Missouri thus depends, obviously, on whether those proceedings created a new Colorado judgment, or whether they merely had the effect of extending the Colorado statute of limitations on the old judgment. Only in the former case would *Roche* v. *McDonald* be "dispositive of the merits"; in the latter, it is equally clear that *M'Elmoyle* v. *Cohen, supra,* 13 Pet. 312, and *Bacon* v. *Howard, supra,* 20 How. 22, would be controlling. Fundamental, therefore, to the issue of full faith and credit is an initial determination as to the effect in Colorado of its reviver proceedings.

5. The opinion of the Supreme Court of Missouri is not unequivocal. It could hardly, however, have assumed

the law of Colorado to be that reviver proceedings create a new judgment, for it chiefly relied upon a decision of its own according full recognition to *Roche* v. *McDonald* and other cases invoking the principle that the forum cannot look behind a judgment brought there for enforcement. See *Northwestern Brewers Supply Co.* v. *Vorhees,* 356 Mo. 699, 703, 203 S. W. 2d 422, 424. Surely we ought not to attribute to a State court a flagrant disregard of the decisions of this Court, particularly when it shows awareness of these decisions.[1]   The more obvious interpretation of the Missouri court's opinion is that it assumed the effect of the Colorado proceedings to be what the face of the Colorado statute implies, namely, to extend the statute of limitations on the original judgment.[2]   We should affirm, therefore, but for language which suggests a third view: that because the original judgment would have been unenforceable in Missouri at the time of the reviver proceedings, those proceedings were not entitled to full faith and credit no matter what their effect under Colorado law.   If in fact the Colorado proceedings had resulted in a new judgment, this view would have disregarded *Roche* v. *McDonald.* But a State court may reach the right result despite an awkward formulation of the issue before it.   Petitioner, to be entitled to redress, must establish that Colorado gave it a judgment which Missouri flouted, and it fails

---

[1] The improbability that this was the view of the Missouri courts is emphasized by the fact that such a view would inevitably inject into the case an issue which in fact they put aside as irrelevant: the effectiveness of personal service upon defendant in Missouri to obtain jurisdiction in Colorado to supplant the old judgment by a new one. See *Owens* v. *Henry,* 161 U. S. 642.

[2] ". . . from and after twenty years from the entry of final judgment in any court of this state, the same shall be considered as satisfied in full, unless revived as provided by law." 3 Colo. Stat. Ann. 1935, c. 93, § 2.

to do so unless it shows that under Colorado law a judgment of reviver is a new judgment.

6. The Court does not find that petitioner has sustained this burden, and we should neither initiate an independent examination of Colorado law nor rest upon phrases in a single decision that does not explicitly adjudicate the question. Yet the Court concludes, "In this case it is the 1945 Colorado judgment that claims full faith and credit in Missouri. No Missouri statute of limitations is tendered to cut off a cause of action based on judgments of that vintage." But the very question of Colorado law in issue is whether the 1945 proceedings did in fact create a new judgment entitled to claim full faith and credit. Since in the view most favorable to petitioner it is not clear whether the courts of Missouri have resolved this issue against petitioner or left it undecided, we should not by affirming foreclose all opportunity for petitioner to establish that the true effect of the reviver proceedings was to grant it a new judgment. But neither should we foreclose the issue in petitioner's favor.

In view of the unresolved elements of the situation, the procedure outlined in *Minnesota* v. *National Tea Co.*, 309 U. S. 551, 557, should be followed in disposing of this case. Accordingly, I would vacate the judgment of the Supreme Court of Missouri and remand the case for further proceedings.