MANUEL SOSA LÓPEZ, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. JOAQUÍN CORREA SUÁREZ, JUDGE, Respondent; MINIMUM WAGE BOARD, Intervener.

No. 6. Argued June 3, 1949.—Decided June 13, 1949.

*Córdova & González* and *Alberto Picó* for petitioner. *Vicente*

*Géigel Polanco, Attorney General,* and *Ramón Cancio* and *Joaquín Gallart Mendía,* the last two counsel for the Department of Labor, for intervener, plaintiff in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On Monday, March 29, 1948 the municipal court entered judgment against the petitioner in a suit for wages. On that same day the Secretary of the court filed in the record a copy of the notification of the judgment. On Monday, April 5, 1948 the petitioner filed a notice of appeal to the district court. The plaintiff filed a motion to dismiss the appeal on the ground that it was untimely under § 8 of Act No. 10, Laws of Puerto Rico, 1917, Vol. II, as amended by Act No. 40, Laws of Puerto Rico, 1935. We granted certiorari to review the order of the district court granting the motion to dismiss.

■■ The first point in this case is the meaning of the provision in § 8 that the appeal must be filed "within five days after notice is given of the sentence . . . ". We have held that in suits for wages the five days are counted from the time the Secretary of the court files a copy of the notification of the judgment in the record. *Fog* v. *District Court,* 65 P.R.R. 150. We have also held in an unbroken line of cases, some of which involved statutes using terminology similar to § 8, that under § 388 of the Political Code,[1] in calculating the period fixed by the statute, the day on which the Secretary files in the record a copy of the notification of the judgment is excluded. *Korber & Co.* v. *Aboy, Vidal & Co.,* 26 P.R.R. 589; *López et al.* v. *Succession of Quiñones,* 27 P.R.R. 783; *D'Azizi* v. *Alcaraz,* 40 P.R.R. 468; *American Colonial Bank of P. R.* v. *Domenech, Treas.,* 43 P.R.R. 853; *Boerman.* v. *Heirs of Boerman,* 52 P.R.R. 607; *Parés* v. *Echandi,* 55 P.R.R. 156; *Cintrón* v. *Ins. Ind. & Agr. Exp.*

---

[1] That Section reads as follows: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded."

*Ass'n. Inc.*, 58 P.R.R. 820; *Buscaglia, Treas.* v. *Tax Court*, 69 P.R.R. 477. Cf. *Destilería Serrallés Inc.* v. *Buscaglia, Treas.*, 66 P.R.R. 614; *Union National Bank* v. *Lamb*, 337 U. S. 38.

It is true that in *Nevares* v. *District Court*, 63 P.R.R. 262, 265, we made an inadvertent statement from which it might be inferred that we were applying the rule that the day the copy of notification of judgment is filed in the record is included in the calculation. But that language was not necessary for decision of the case, and does not represent the law.[2]

In view of the foregoing, excluding Monday, March 29, the five days provided by § 8 terminated on Saturday, April 3, 1948. But the petitioner contends and we agree that since the courts normally are closed on Saturday and Sunday, he had until Monday, April 5 to file his appeal.

 The plaintiff argues that the municipal court involved herein was in fact open on Saturdays, and was open on this specific Saturday. He has attached a certificate of the Secretary of the court to that effect. But a rule of law cannot be predicated on the subjective habits of a particular municipal judge. Since 1942, pursuant to an administrative bulletin of the Governor which, so far as we are aware, has never been revoked or modified, the municipal and district courts have normally been closed on Saturdays. We have taken judicial notice of that condition and have, by applying § 388 thereto, excluded Saturdays and Sundays when the last day to file a notice of appeal falls on a Saturday. *Buscaglia, Treas.* v. *Tax Court*, 67 P.R.R. 26; *Nevares* v. *District Court, supra*, p. 265; *Rey Gangas* v. *Domínguez*

---

[2] In that case the notification of judgment was filed in the record on Monday, December 21, 1942. We said at p. 265: "Normally the period of five days within which to file an appeal should have elapsed on December 25, 1942, but that was a holiday and the 26th was Saturday, and the court was closed, and since the 27th was Sunday, the term was extended until December 28, 1942." To the extent that we included the day of notification in making the calculation, this language was mistaken.

62

*Alvarez*, decided on February 17, 1944 per curiam decision). We see no reason to change that rule.[3]

We think it appropriate to call to the attention of the Legislature the fact that the rule laid down herein would have a firmer foundation if it were based on a specific Act of the Legislature rather than an executive order of the Governor and the general practice of the courts pursuant thereto.

The order of the district court will be vacated and the case remanded with instructions to hear the appeal on the merits.

---

[3] Cf. Rule 6(a), Rules of·Civil Procedure; *Lucchetti* v. *District Court,* 66 P.R.R. 99.