**UNITED STATES v. CIA LUZ STEARICA.**
No. 12510.

United States Court of Appeals,
Ninth Circuit.
April 24, 1950.

---

J. Charles Dennis, U. S. Attorney, Bogle, Bogle & Gates, Claude E. Wakefield and M. Bayard Crutcher, Seattle, Wash., for appellant.

Lane Summers, Charles B. Howard, Seattle, Wash., for appellee.

Before HEALY, BONE, and POPE, Circuit Judges.

HEALY, Circuit Judge.

This case is before us on appellee's motion to dismiss the appeal as not timely taken. The motion raises important questions concerning the validity of a rule of this court.

The cause is in admiralty. The final decree was entered November 14, 1949, and notice of appeal was filed on the 13th of February, 1950, that date being the 91st day after the entry of the decree. The 90th day fell on a Sunday. The statute, 28 U.S.C.A. § 2107, effective September 1, 1948, and as amended May 24, 1949, provides that in any action or proceeding in admiralty the notice of appeal shall be filed within 90 days after final judgment.

The basic inquiry here is whether the statute, justly and reasonably construed, permits the taking of an appeal on the following day when the last day of the prescribed period falls on Sunday or other nonjudicial day. Appellee argues that the inquiry must be answered in the negative unless that method for computing the time has the sanction of a statute or rule approved by Congress. For this proposition it cites half a dozen courts of appeals decisions, including one by this circuit.[1]

---

1. Meyer v. Hot Springs Imp. Co., 9 Cir., 1909, 169 F. 628.

■ Rule 6(a) of the Rules of Civil Procedure, 28 U.S.C.A., provides that "In computing any period of time prescribed or allowed by these rules, by order of court, *or by an applicable statute,* the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. * * * *": [Emphasis supplied.] The Rules do not, however, apply to proceedings in admiralty. Rule 81(a).[2] But this court, soon after the federal rules became effective, adopted a rule providing that they shall apply to appeals in admiralty, "except when inapplicable or as hereinafter modified." Consult paragraph immediately preceding our Rule 33. The exception clearly does not reach Rule 6(a).

■ Appellee insists that the court is without authority to adopt such a rule.[3] It cites in support of the argument Alaska Packers Ass'n v. Pillsbury, 301 U.S. 174, 57 S.Ct. 682, 81 L.Ed. 988, where this court was reversed because, in deference to a rule adopted by it in 1900, it sustained an appeal in admiralty which had been taken simply by filing in the office of the clerk of the district court, and serving on the proctor of the adverse party, a notice of appeal. The Court held our rule in conflict with the Act of February 13, 1925, 28 U.S.C. § 230, providing in substance that no writ of error or appeal shall be allowed by a circuit court of appeals unless application therefor be duly made within a stated time. The authorized procedure was thought to require the making of an application for an appeal and the obtaining of an allowance thereof;

and the Court recited important reasons of policy underlying the requirement. The decision is inapposite. Our rule, in respects presently important at any rate, is not inconsistent with the statute. It does not undertake to enlarge the time for taking an appeal but merely declares a rule of statutory construction having widespread judicial sanction, federal as well as state. Cf. Sherwood Bros. v. District of Columbia, 72 App.D.C. 155, 113 F.2d 162, 163; Wilson v. Southern R. Co. 5 Cir., 147 F.2d 165.

■ The holding and general spirit of Union National Bank of Wichita Kan. v. Lamb, 337 U.S. 38, 69 S.Ct. 911, seems decisive of the matter should doubt persist. That case was on certiorari from the Supreme Court of Missouri. The attempted appeal which the Supreme Court treated as a petition for certiorari was allowed by the Missouri court on the 91st day after judgment. The 90th day had fallen on a Sunday. The Judicial Code revision had recently reduced the time of appeal from three months to 90 days. 28 U.S.C.A. § 2101(c). The Court remarked on the contrariety of views whether an act which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on Sunday. Street v. United States, 133 U.S. 299, 10 S.Ct. 309, 33 L.Ed. 631, was cited as an authority affirming this proposition.[4] The Court said: "We think the policy of that decision is applicable to 28 U.S.C. § 2101(c), 28 U.S.C.A. § 2101(c). Rule 6(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or a legal holiday is timely. That rule provides the

---

2. The exclusion of admiralty procedure from coverage was not due to any feeling that the rules were inappropriate in admiralty. It merely evidenced a recognition of the lack of power in the Rules Committee to promulgate rules in admiralty under the Act, 48 Stat. 1064, [28 U.S.C.A. § 2072], which confined the Committee's activities to procedure "in civil actions at law."

3. Section 2071 of Title 28 U.S.C.A. as amended May 24, 1949, provides that

"The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court."

4. The court cited as contra five of the cases relied on by appellee here, including our decision in Meyer v. Hot Springs Imp. Co., supra, note 1.

method for computation of time prescribed or allowed not only by the rules or by order of court but by 'any applicable statute.' Since the rule had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to 28 U.S.C. § 2101(c), 28 U.S.C.A. § 2101(c). The appeal therefore did not fail for lack of timeliness." [337 U.S. 38, 69 S.Ct. 912]

The governing statute, 28 U.S.C.A. § 2107, expresses no policy hostile to the philosophy of Rule 6(a). It is notable, moreover, that the section fixes the time for appeal to courts of appeals not only in admiralty proceedings but in all other cases, excepting only bankruptcy matters or other proceedings under Title 11. The decision in Union National Bank v. Lamb, supra, will necessarily be regarded by the courts as requiring the application of Rule 6(a) to all appeals dealt with in the section other than those in admiralty. This being true it would be in the last degree incongruous to apply such rule of construction to the bulk of the appeals governed by the section and at the same time apply a contrary construction to the provision dealing with appeals in admiralty.

The motion to dismiss is denied.