**PEOPLE'S COUNSEL, Petitioner,**

v.

**PUBLIC SERVICE COMMISSION OF the DISTRICT OF COLUMBIA, Respondent,**

**Potomac Electric Power Company, Intervenor.**

**No. 82–424.**

District of Columbia Court of Appeals.

Decided Sept. 27, 1982.

Before KELLY, KERN, and FERREN, Associate Judges, in Chambers.

_____

ORDER

PER CURIAM:

On July 8, 1982, this court denied respondent's and intervenor's respective motions to dismiss, which were premised on different arguments that the petition herein was untimely filed. The court did not give reasons. Respondent and intervenor have petitioned for rehearing or rehearing en banc. Because of the importance of clarifying the reasons for denial of the motions to dismiss, this division of the court grants the petition for rehearing.

Upon further consideration, it is ORDERED that respondent's and intervenor's motions to dismiss the petition on the ground that it was untimely filed are denied.

In order to obtain judicial review, a petitioner first must seek reconsideration by the Commission. D.C.Code 1981, § 43–904(b). This provision also requires the Commission to act on the application for reconsideration within 30 days of its filing. A petitioner has 60 days from a Commission denial within which to file a petition for review by this court. *Id.,* § 43–905. Failure by the Commission to act within the 30-day period shall be deemed a denial. *Id.,* § 43–904(b). As a matter of law, when the last day of a specific time period falls on a Sunday or legal holiday, the next day not a Sunday or legal holiday is deemed to be the final day of the period. *See Union National Bank v. Lamb,* 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949).

In this case, because the thirtieth day within which the Commission was required to act on the petition for reconsideration fell on Sunday, February 21, 1982, the next day, Monday, February 22, 1982, must be deemed the thirtieth day for purposes of determining whether the Commission acted. The Commission did not act by Monday, February 22, and thus is deemed to have denied the petition on that date. The sixty-day period is then counted from that Monday, beginning the next day, February 23. People's Counsel's Petition for Review was filed on the sixtieth day, April 23, 1982, and thus was timely filed.

*Motions Denied.*