**ANONYMOUS BANKS ONE THROUGH THREE, Plaintiffs,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.**

No. CV–86–130–GF.

United States District Court, D. Montana, Great Falls Division.

Oct. 1, 1986.

Martin H. Aussenberg, Borod & Huggins, Memphis, Tenn., Christopher B. Swartley, Datsopoulos, MacDonald & Lind, Missoula, Mont., for plaintiffs.

Ford R. Paulson, Regional Counsel, FDIC, San Francisco, Cal., George Darragh, Jr., Asst. U.S. Atty., Great Falls, Mont., for defendant.

MEMORANDUM AND ORDER

HATFIELD, District Judge.

The plaintiffs instituted the present action, pursuant to 12 U.S.C. § 1818(c)(2), to enjoin the defendant Federal Deposit Insurance Corporation ("FDIC") from enforcing a temporary cease and desist order issued to the plaintiffs under authority of 12 U.S.C. § 1818(c)(1). The FDIC issued the subject order on May 28, 1986. The plaintiffs filed their complaint on Friday, June 13, 1986. Asserting that the plaintiffs failed to seek relief within the ten-day period of limitations prescribed in the text of subsection (c)(2), the FDIC seeks dismissal of the complaint upon the ground that the plaintiffs' failure to initiate this action within the prescribed time period serves to deprive this court of jurisdiction over the

subject matter of the controversy. The issue presented for determination is whether or not the plaintiffs satisfied the ten-day period of limitations prescribed by Section 1818(c)(2).[1]

The operative facts essential to resolution of the issue *sub judice* are not in dispute. The joint complaint was filed by the plaintiffs 13 calendar days after Anonymous Bank One was served with the Notice and Temporary Cease and Desist Order, and 11 calendar days after service was accomplished upon the remaining banks. The dispute reduces to the proper application of the time computation rule set forth in Rule 6(a), Federal Rules of Civil Procedure, to the facts presented. Restated, the determinative inquiry is whether or not the ten-day period of limitations prescribed by Section 1818(c)(2) is to be computed in accordance with the methodology established by Rule 6(a), as amended in 1985, to exclude intervening legal holidays, Saturdays and Sundays with respect to periods of time of less than 11 days.

The FDIC takes the position that Rule 6(a) is merely a rule of procedure which establishes a method for computing any time period prescribed or allowed by, *inter alia*, "any applicable statute". Rule 6(a), however, the FDIC asserts, does not provide a general method for extending or modifying a jurisdictional statute, such as a statute of limitations. The FDIC relies primarily upon the often discussed dictum espoused by the Second Circuit Court of Appeals in *Joint Council Dining Car Employees Local 370 v. Delaware, L. & W.R. Co.*, 157 F.2d 417 (2nd Cir.1946). While it concedes the propriety of adopting, by analogy, the method of computation prescribed by Rule 6(a), the FDIC emphasizes that the rule cannot, of its own force, extend a statute of limitations. Allowing utilization of the Rule 6(a) methodology to exclude intervening holidays, Saturdays and Sundays, the FDIC contends, would have the effect of extending the substantive period of limitations in direct contravention of the Congressional intent to strictly limit the jurisdiction of the federal courts over controversies involving an administrative order of the FDIC. In that regard, the FDIC observes that the judicial extension by analogy of the Rule 6(a) methodology in the context of statutes of limitation, has essentially been limited to the situation where a filing was considered timely when the period of limitation ended on a Saturday, Sunday or holiday and the necessary filing occurred on the next business day.

The plaintiffs, on the other hand, exhort the court to adopt what they perceive to be the majority and better reasoned view, and compute the ten-day period in accordance with the methodology of Rule 6(a). The pragmatic concern for uniformity and certainty in the computation of time periods, including periods of limitation, the plaintiffs contend, dictate utilization of the methodology of Rule 6(a). Plaintiffs rely principally upon the rationale expressed by the United States Supreme Court in *Union National Bank of Wichita v. Lamb*, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949), wherein the Court utilized the methodology of Rule 6(a) in determining the timeliness of an appeal. The principles of *Lamb*, as the plaintiffs correctly note, were adopted by the Ninth Circuit Court of Appeals in *U.S. v. Cia Luz Stearica*, 181 F.2d 695, 696 (9th Cir.1950).

The divergence of opinion between the parties with respect to the propriety of computing a statute of limitations in accordance with the methodology of Rule 6(a) is reflective of the divergence of opinion on the issue which has evolved amongst the judiciary and academicians. This point is well exemplified by the divergence of opinion extant between the leading commentaries on practice and procedure in federal court: C. Wright and A. Miller, *Federal Practice Procedure* § 1163 (1969), taking the position advanced by the plaintiffs, with J. Moore and J. Lucas, *Moore's Feder-*

---

**1.** The plaintiffs implicitly concede that the ten day filing requirement prescribed by Section 1818(c)(2) is "jurisdictional" in nature. Consequently, the court need not address that issue.

*al Practice,* para. 6.06[2] (2nd ed. 1986), adopting the more restrictive position.

In light of the significant change in methodology accomplished by the 1985 amendment to Rule 6(a), the propriety of utilizing the methodology of Rule 6(a) to compute a period of limitations must be reassessed.

Prior to the 1985 amendment, the applicability of Rule 6(a) to federal periods of limitation came into question when the final day allowed by a particular statute fell on a Saturday, Sunday or legal holiday. As emphasized by professors Wright and Miller in their discussion of the application of Rule 6(a) to federal statutes of limitations, the reasonableness of the "majority" rule lay in the fact that exclusion of "final" Saturdays, Sundays and legal holidays would delay the expiration of a given period, by at most, two or three days. Utilization of the amended version of Rule 6(a) in computing a period of limitation, however, may result in the extension of a ten-day period of limitations by as many as eight days where a single intervening legal holiday comes into play. (*Example:* Service of a document triggering a ten-day period of limitations is accomplished on a Friday preceding a week that includes a legal holiday. The day of service, plus six intervening weekend days, together with the legal holiday, would be excluded.) Under this circumstance, the "majority" rule loses its validity, since Rule 6(a) would, of its own force, extend a period of limitations contrary to the intent of Congress. The rationale upon which the "majority" rule was premised is unpersuasive given the present text of Rule 6(a). Consequently, the court finds the position advanced by the FDIC in the case at bar to be persuasive. Therefore,

IT IS ORDERED that the motion of the defendant, Federal Deposit Insurance Corporation, requesting the court to dismiss the present complaint for lack of subject matter jurisdiction be, and the same hereby is, GRANTED.