TELEPHONE AND DATA SYSTEMS, INC., an Iowa Corporation; United States Cellular Corporation, a Delaware Corporation, Appellants,

v.

AMCELL F ATLANTIC CITY, INC., a New Jersey Corporation; Comcast Cellular Communications, Inc.

No. 94–7021.

United States Court of Appeals, District of Columbia Circuit.

April 22, 1994.

### ORDER

PER CURIAM.

Upon consideration of the court's order to show cause, filed February 3, 1994; appellants' response thereto; appellees' reply to the response; appellants' motion for leave to file a reply thereto, and the lodged reply, it is

ORDERED that the motion for leave to file a reply to appellees' reply be granted. The Clerk is directed to file the lodged document. It is

FURTHER ORDERED that the order to show cause be discharged. Appellants' notice of appeal was due, pursuant to Fed. R.App.P. 4(a)(1), on January 19, 1994, 30 days after December 20, 1993, the date of entry of the district court's order dismissing the action. Because the courthouse, including the district court clerk's office, was closed on January 19 and 20 due to inclement weather, we conclude that the clerk's office was "inaccessible" on those dates, and that the notice of appeal was timely filed on January 21, 1994, the date on which the courthouse and clerk's office reopened. *See* Fed.

R.Civ.P. 6(a); Fed.R.App.P. 26(a). We reject appellees' contention that the clerk's office was not "inaccessible" because it was physically possible to file papers in the district court's 24–hour "drop box." *Cf. Jones & Laughlin Steel Corp. v. Gridiron Steel Co.,* 382 U.S. 32, 33, 86 S.Ct. 152, 153, 15 L.Ed.2d 26 (1965) (per curiam) (notice of appeal due on Saturday timely filed on following Monday, notwithstanding possibility of filing under local order requiring district court to be open for business on Saturday mornings); *Reyes–Cardona v. J.C. Penney Co.,* 690 F.2d 1 (1st Cir.1982) (per curiam) (Puerto Rican legal holiday excluded under Rule 6(a) from time for filing Rule 59(e) motion, even though district court clerk's office open on that day); *Prudential Oil & Minerals Co. v. Hamlin,* 261 F.2d 626, 627 (10th Cir.1958) (per curiam) (Utah state holiday excluded under Rule 6(a), where clerk's office, although technically open, "locked and unattended"). Appellees' position is plainly inconsistent with the "considerations of liberality and leniency which find expression in Rule 6(a)." *Union Nat. Bank v. Lamb,* 337 U.S. 38, 41, 69 S.Ct. 911, 913, 93 L.Ed. 1190 (1949).

The Clerk is directed to process this appeal in the normal course.