34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Lee DANIEL, Plaintiff-Appellant,
v.
Frank HALL, Defendant-Appellee.
 No. 93-16404.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 9, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Lee Daniel appeals pro se the district court's denial of his motion for entry of default judgment and the entry of summary judgment in favor of defendant Frank Hall, Santa Clara County Jail Director. Daniel contends that Hall was deliberately indifferent to his serious medical needs and discriminated against him based on his sexual orientation. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Default Judgment
 
 
 4
 We review the district court's denial of a motion for default judgment for an abuse of discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam).
 
 
 5
 Daniel argues that he is entitled to a default judgment because Hall did not file his motion for summary judgment within the time specified by the district court.
 
 
 6
 Federal Rule of Civil Procedure 6(a) provides that where the last day for performance of an act falls on a Sunday, performance on the next day is timely. Fed.R.Civ.P. 6(a); Union Nat'l Bank of Wichita, Kan. v. Lamb, 337 U.S. 38, 40 (1949); Kim v. Commandant, Defense Language Institute, Foreign Language Ctr., 772 F.2d 521, 524 (9th Cir.1985).
 
 
 7
 On 31 August 1992, the district court ordered Hall to file a motion for summary judgment within ninety days. Hall filed his motion for summary judgment on 30 November 1992, ninety-one days later. However, 29 November 1992, was a Sunday. Therefore, Hall's filing of his motion for summary judgment on Monday, 30 November 1992, was timely. See Fed.R.Civ.P. 6(a); Union Nat'l Bank, 337 U.S. at 40; Kim, 772 F.2d at 524. Accordingly, the district court properly denied Daniel's motion for default judgment.
 
 II
 Summary Judgment
 
 8
 "A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issue of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990).
 
 A. Deliberate Indifference
 
 9
 Daniel contends that Hall was deliberately indifferent to his medical needs. Daniel argues that jail employees improperly diagnosed his sinus infection and provided inadequate treatment.
 
 
 10
 To establish a section 1983 claim for failure to provide medical care, the prisoner must demonstrate that the defendants' "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); accord McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir.1992). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988); see also Gamble, 429 U.S. at 104-05. In addition, medical malpractice or negligence will not support a cause of action under the Eighth Amendment. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 11
 The evidence proffered by Daniel and Hall establish the following set of facts. Daniel was incarcerated at the jail from 13 August 1991, through 18 September 1991. Daniel was first treated on 1 September 1991, when he complained of dizziness and headaches. Two days later, Daniel complained of a sinus infection. At that time, a nurse examined Daniel and placed him on the standing order for common colds. Daniel received treatment from 3 September 1991, until 7 September 1991. On 12 September 1991, after complaining of more symptoms, a nurse examined Daniel and again placed him on the standing order for common colds. On 15 September 1991, Daniel complained of a persistent sinus infection; a nurse examined Daniel and provided treatment, including a referral for a tuberculosis skin test. As of 18 September 1991, Daniel was no longer incarcerated at the Santa Clara County Jail.
 
 
 12
 The evidence demonstrates that Daniel was able to make his medical needs known to the jail medical staff and that they responded. Each time Daniel complained of an illness the medical staff provided what they believed was the appropriate medical treatment. Daniel's contention amounts to nothing more than an allegation of medical malpractice, which will not support a cause of action under the Eighth Amendment. See Broughton, 662 F.2d at 460. Therefore, Daniel has failed to demonstrate that Hall was deliberately indifferent to his medical needs. See Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059-60. Accordingly, the district court properly granted summary judgment in favor Hall on this claim. See Nishimoto, 903 F.2d at 712.
 
 B. Discriminatory Practices
 
 13
 Daniel contends that Hall discriminated against him because of his sexual orientation. Daniel, however, has failed to demonstrate that Hall treated him differently than other inmates. Hall proffered evidence which asserted that the jail did not have a practice of classifying inmates based on sexual orientation. Hall concedes, however, that jail employees knew of Daniel's sexual orientation because Daniel asked to be placed in administrative segregation because he was a homosexual. Nevertheless, Daniel has proffered no evidence establishing that Hall denied Daniel any service or benefit because he was a homosexual. Daniel's conclusory allegations are insufficient to defeat Hall's motion for summary judgment. See Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988) (stating that the party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial). Accordingly, the district court properly granted summary judgment in favor Hall on this claim. See Nishimoto, 903 F.2d at 712.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3