**FUIFATU SEFO PATAU, Plaintiff**

v.

**DONALD F. HILDRE; LUIS CASILLAS-ROBLES; KENNEDY, CROCKETT, DOUGHERTY & HILDRE, Attorneys at Law; and WILLIAM H. REARDON, ETC., Defendants**

High Court of American Samoa
Trial Division

CA No. 50-94

January 4, 1995

Before KRUSE, Chief Justice, TAUANU`U, Associate Judge, and ATIULAGI, Associate Judge.

Counsel:     For Plaintiff Fuifatu Sefo Patau, Togiola T. A. Tulafono
             For Defendant William H. Reardon, Barry I. Rose
             For other named Defendants, Cheryl A. Crenwelge

Order Denying Motion for a New Trial (Reconsideration):

On October 12, 1994, we granted summary judgment for the moving defendants on the grounds that plaintiff's action was barred by the applicable two year statute of limitations, A.S.C.A. § 43.0120(2). Plaintiff moves for reconsideration of that order contending in the alternative that: 1) the final day of accrual fell on a Sunday and that T.C.R.C.P. Rule 6(a) applied to extend his filing deadline to the following business day; 2) the applicable statute of limitations is A.S.C.A. § 43.0120(3), which prescribes a three year period of limitations for "unwritten contracts," and not A.S.C.A. § 43.0120(2).

## DISCUSSION

### I.   § 43.0121(2) or § 43.0121(3)

We reiterate our reasons earlier given and reaffirm our conclusion that the applicable statute of limitations in this case is A.S.C.A. § 43.0121(2).

### II.  Applicability of T.C.R.C.P. 6

T.C.R.C.P. 6(a) provides:

> In computing any period of time prescribed or allowed by these rules, by order of the court, *or by an applicable statute*, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period prescribed or allowed is less than 7 days, intermediate Saturday, Sundays, and legal holidays shall be excluded in the computation.

(emphasis added).

■  There appears to be a divergence of authority on the question of whether Rule 6(a)'s method of computing time extends to the computation of a limitations period prescribed by statute or whether the rule is merely limited to computing time for procedural matters once an action is properly before the court. *See Anonymous Banks One Through Three v. FDIC*, 645 F. Supp. 706, 707-708 (D. Mont. 1986). Nonetheless, it is well established that Rule 6(a) may provide guidance when the statute is silent as to how the time limitation prescribed is to be computed. *Jenkins v. Yoder*, 324 N.E.2d 520, 521 (Ind. 1975). Where "no contrary policy is expressed in the statute . . . the considerations of liberality and leniency which find expression in Rule 6(a) are . . . applicable." *United States v. Cia Luz Stearica*, 181 F.2d 695, 696-697 (9th Cir. 1950) (citing *Union National Bank v. Lamb*, 337 U.S. 38, 41 (1949)). Conversely, where contrary statutory policy is clear on method of computation of time, the statute shall, of course, be followed. Rule 6(a) is not intended to modify or change an existing statute of limitations, and it cannot, of its own force, extend a substantive limitations period prescribed by statute, nor does it attempt to change or modify a jurisdictional statute, such as a statute of limitations. *Joint Council Dining Car Employees Local 37 v. Delaware, L. & W.R.. Co.*, 157 F.2d 417 (2nd Cir. 1946) (court dismissed plaintiff's action, brought under the Railway Labor Act, on the ground that it was barred by the statute of limitations prescribed by the Act even though the final day of accrual fell on a legal holiday); *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir. 1980) (Rule 6(a) did not alter the statute of limitations prescribed by the Truth in Lending Act which stated that an action must be brought "within one year from the date of occurrence").

In our Order Granting Defendants' Motion for Summary Judgment, issued on October 12, 1994, we held that the statute of limitations applicable in this legal malpractice action was prescribed by A.S.C.A. § 43.0120(2). This enactment provides in relevant part:

> Actions may be brought *within* the following times after their causes accrue, *and not afterward*, except as otherwise specially declared . . . . (2) actions founded on injuries to the person . . . including injuries to relative rights, whether based on contract or tort . . . within 2 years.

(emphasis added). We read A.S.C.A. § 43.0120 as expressing a contrary policy to Rule 6's method of computing time. The enactment not only

85

states that actions based on a cause of action as the one before us must be filed within two years after their causes accrue, but it states that an action may not be brought after such date, except as otherwise declared. While there are very specific statutory exceptions that toll the statute, *see* A.S.C.A. §§ 43.0124 - 43.0127, the facts in the present case do not fall within any of those exceptions. *See Patau v. Rosendahl Corp.*, 19 A.S.R.2d 80, 85 (Trial Div. 1991) *aff'd, Patau v. Rosendahl Corp.* 20 A.S.R.2d 77, 79 (App. Div. 1991).

■ The court in *Joint Council Dining Car, 157 F.2d 417,* reasoned that applying Rule 6(a) to extend the statutory limitations period by one day because the final date fell on a legal holiday, would be in direct conflict with the intent of Congress, which provided in the Railway Labor Act, that the statute of limitations shall be two years *and not after*. Similarly, A.S.C.A. § 43.0210 states that the statute of limitations shall be two years *and not afterward*; therefore, applying Rule 6(a) to extend the time prescribed by A.S.C.A. § 43.0210 would, in our view, be in conflict with the expressed intent of the Fono.

■ We conclude, therefore, that T.C.R.C.P. 6(a) does not extend the computation of time for the statute of limitations regarding a cause of action for legal malpractice pursuant to A.S.C.A. § 43.0210(2). We accordingly reaffirm our earlier conclusion that plaintiff's cause of action is untimely under the terms of this enactment.

### III.   Accrual Date for Legal Malpractice Cause

The three accepted methods for determining the accrual date for a cause of action for legal malpractice are: (1) from the date of the negligent act; (2) from the date the client sustained injury; and (3) the date the client discovered or should have reasonably discovered the alleged malpractice.

More recent decisions from other jurisdictions have applied the "discovery doctrine" which states that a cause of action for legal malpractice accrues when the plaintiff knows, or in the exercise of reasonable diligence should have known, of the defendant's negligent conduct, or when the plaintiff is first able to sue. *AMFAC Distribution Corp. v. Miller*, 673 P.2d 795, 796 (Ariz. Ct. App. 1983). In other words, a cause of action against an attorney for legal malpractice does not accrue until the date on which the negligence is irremediable. *Banton v. Marks*, 623 S.W.2d 113, 116 (Tenn. Ct. App. 1981).

The court in *AMFAC Distribution Corp*. held that a claim for legal

86

malpractice is not ripe until the damages are ascertainable and the plaintiff has no recourse remaining in the courts. *Id*. at 796. The reason a client must wait until final judgment is obtained or is waived by failure to appeal is that it protects the trust relationship between a client and his or her attorney. Otherwise, clients would always be second-guessing their attorneys. Also, judicial efficiency is promoted by requiring final judgment because without it, a plaintiff would be allowed to bring a legal malpractice action that would be moot if an earlier decision was overturned on appeal.

A cause of action may not be brought for legal malpractice until the case is finally terminated and a final judgment is rendered. *Ameraccount Club Inc., v. Hill*, 617 S.W.2d 876, 878 (Tenn. 1981); *Woodruff v. Tomlin*, 511 F.2d 1019, 1020 (6th Cir. 1975).

## CONCLUSION

A.S.C.A. § 43.0120(2) is the applicable statute of limitations in this case. Pursuant to A.S.C.A. § 43.0120(2), plaintiff had two years to file suit against defendants for legal malpractice. The period of time began to accrue on March 13, 1992, the date the Appellate Division upheld the dismissal of plaintiff's action. This was the date in which plaintiff was left with no further recourse and the damages were irremediable. Plaintiff filed suit on March 14, 1994, which was two years and one day following the date of injury. This was beyond the period of time prescribed by A.S.C.A. § 43.0120(a) and was therefore dismissed by this court. Plaintiff argues that T.C.R.C.P. 6(a) should extend the statute of limitations by one day since the period of computation ended on a Sunday; but T.C.R.C.P. 6(a) does not apply in this case because A.S.C.A. § 43.0120 clearly does not allow any actions to be filed beyond the two year requirement unless it satisfies an expressed exception; which is not met in this case. To find otherwise would be contrary to the legislative policy expressed in this statute. Plaintiff's motion for new trial (reconsideration) is, therefore, denied.

It is so ordered.